UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASPASIA BOSTIC, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC; BLATT, HASENMILLER, LEIBSKER & MOORE, LLC; BARRISTER INVESTIGATIONS & FILING SERVICE, INC; and JOSE PENA, | ) ) ) ) ) ) | Jury Demanded |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff, Aspasia Bostic, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Portfolio Recovery Associates, LLC, Blatt, Hasenmiller, Leibsker & Moore, LLC, Barrister Investigations & Filing Service, and Jose Pena. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/1 et. seq., and for abuse of process.

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 42 U.S.C. 1983, and 28 U.S.C. §§ 1331, 1337, and 1367, as Defendants do business in the State of Illinois.

2. Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendants' collection demands were received here, and Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Aspasia Bostic ("Plaintiff"), is an individual and resident of Cook County, Illinois, and a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. In fact, PRA conducts business in Illinois.

7. Moreover, PRA is licensed as a collection agency in Illinois.

8. In fact, PRA acts as a debt collection agency in Illinois.

9. Defendant, Blatt, Hasenmiller, Leibsker, & Moore LLC ("Blatt") is a collection law firm headquartered in the city of Chicago, engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a. Blatt is engaged in the business of collecting consumer debts in this State where it regularly collects or attempts

to collect debts owed or due, or asserted to be owed or due another, and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

10. Defendant, Barrister Investigations & Filing, Inc., ("Barrister") is a debt collector as defined by the FDCPA, 15 U.S.C § 1692a, and is located and does business within this District.

11. Defendant, Jose Pena ("Pena") is an agent and/or employee of Barrister working as a debt collector defined by the FDCPA, 15 U.S.C. § 1692a.

## FACTS COMMON TO ALL COUNTS

12. At some time in or around the year 2008, Plaintiff incurred a Chase Bank USA, N.A. credit card debt for personal, family and/or household purposes, and thus Plaintiff incurred a debt ("alleged debt") as that term is understood under § 1692a(5).

13. Due to financial difficulties, Plaintiff could not afford to pay the alleged debt, and it thereafter went into default.

14. PRA purportedly purchased the alleged debt sometime thereafter.

15. The alleged debt was thereafter assigned to Defendant Blatt for the purpose of collection from Plaintiff.

16. On or about May 22, 2013, Blatt filed a complaint on behalf of PRA against Plaintiff to collect the alleged debt, which complaint was filed in the Circuit Court of Cook County, First Municipal District, and styled *Portfolio Recovery Associates LLC vs. Aspasia Bostic*, Case No. 13-M1-131151 ("State Action"). (Exhibit A, Small Claims Complaint).

17. Defendant Blatt thereafter hired Barrister to support efforts to collect the alleged debt from Plaintiff.

18. Defendant Barrister has an Illinois Private Detective Agency License # 117-000883.

19. In or around July, 2013, Barrister, by and through Jose Pena, using License PERC # 129-312942, executed a false Affidavit of Service ("Affidavit"). (Exhibit B, Affidavit).

20. In the Affidavit, Pena falsely claimed that he had made substitute service on Plaintiff.

21. The Affidavit includes a description of an individual described as Plaintiff's daughter, "Miss Bostic" upon whom Pena claimed to have served a copy of the Summons/Complaint.

22. Neither of Plaintiff's daughters was present at 2021 W. Jarvis Ave., Illinois, on July 27, 2013 at 2:44 p.m., as was alleged by Pena in the Affidavit.

23. The Affidavit included a fabricated description of "Miss Bostic".

24. The Affidavit described Plaintiff's daughter as 35 years old, older than Plaintiff herself.

25. The Affidavit contains a false statement that Plaintiff's daughter was served, for the purpose of collecting the alleged debt from Plaintiff.

26. On or around July 31, 2013, Defendants presented false testimony in the Circuit Court of Cook County, First Municipal District, under Case# 13-M1-131151, when they filed the Affidavit, a copy of which is attached hereto as Exhibit B.

27. A default judgment was entered against Plaintiff on September 12, 2013, as the result of the false testimony Defendants provided to the Court regarding service of process upon the Plaintiff. (Exhibit C, Default Judgment Order).

28. Defendants Pena, Barrister, Blatt, and PRA conspired to deprive Plaintiff of equal protection of the law, namely to deprive her of her due process right to proper notice of the lawsuit.

29. Neither Barrister nor Pena ever effected service upon Plaintiff, yet Blatt filed an Affidavit, on behalf of Defendants, averring that service was in fact effected.

30. Defendant Pena on behalf of Barrister, Blatt, and PRA, made false statements in an attempt to enforce collection of a consumer debt.

31. Defendants Barrister and Pena's conduct went beyond merely being a messenger in serving legal process.

32. Rather, Defendants made false sworn written statements, and filed and presented said statements in Court to induce Plaintiff to believe that service had been effected, and that personal jurisdiction had been obtained over Plaintiff—all in order to attempt to enforce and collect an alleged consumer debt from Plaintiff.

33. After entry of the default judgment, Defendant Blatt executed documents in effecting wage deduction from Plaintiff, including a wage deduction affidavit which falsely states that Plaintiff is indebted to PRA, to induce Plaintiff to believe that PRA was entitled to collect a debt from her in the manner described, and in the amount sought, in said documents.  (Exhibit D, Affidavit For Wage Deduction).

34. The wage deduction documents, false affidavit, and judgment order were thereafter communicated to Plaintiff, who discovered that a default had been entered against her when her employer began to garnish her wages.

35. On November 19, 2013, at approximately 9:18 a.m., Plaintiff called Blatt to ask about the debt, where she was connected to a Blatt collection agent. The November 19, 2013 call was Blatt's initial communication with Plaintiff regarding the alleged debt.

36. During the call, Plaintiff provided her name and social security number upon request of the agent to confirm her identity.

37. The Blatt agent indicated that the call was being recorded.

38. The Blatt agent further indicated that the call was an attempt to collect a debt and any information would be used for that purpose.

39. Plaintiff subsequently filed an Emergency Motion to Vacate Default Judgment in the State Action on November 27, 2013.

40. The Circuit Court of Cook County granted Plaintiff's motion, noting that Plaintiff presented evidence of her address as 2001 W. Jarvis, and not 2021 W. Jarvis, as claimed in Defendant's Affidavit of Service. (Exhibit E, Order to Vacate). The judgment was thus vacated, and alleged service upon Plaintiff quashed.

41. Plaintiff appeared pro se at a Wage Deduction proceeding against her employer on December 2, 2013, where the Circuit Court of Cook County dismissed the proceedings against her employer and ordered the return of all garnished funds by Defendants. (Exhibit F, Order to Dismiss Garnishment Proceedings).

42. Incredibly, Defendants Blatt and PRA have to date failed to return the garnished funds to Plaintiff.

43. Plaintiff has been without use of the money that was wrongfully garnished from her paycheck since December, 2013.

44. Upon information and belief, at the time Blatt hired Barrister and its employee and/or agent Jose Pena to support efforts to collect the alleged debt from Plaintiff, Blatt was already aware of numerous instances in which consumers averred that they were not served with complaint and summons by Barrister, though Barrister had executed false affidavits stating that service had in fact been made on said consumers in lawsuits where said consumers were Defendants.

45. As a debt collector, Blatt may be held vicariously liable for Barrister and Pena's collection activity. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Circ. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000)).

46. As a debt collector, PRA may be held vicariously liable for Blatt's collection activity. (*Id.*).

47. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-DEFENDANTS PRA, BLATT, BARRISTER and PENA

48. Plaintiff realleges and incorporates paragraphs 1-47 into this count.

49. Defendants acted as debt collectors, as defined by the FDCPA, with respect to Plaintiff.

50. Defendants Barrister and Pena regularly attempt to collect debts by assisting debt collection lawyers, like Blatt, in debt collection litigation.

51. Under 15 U.S.C. § 1692a(6)(D), any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt is not included as a debt collector but the language of § 1692a(6)(D) extends the

exemption to a person only "while serving or attempting to serve legal process." See *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2nd Cir. 1998); *Andrews v. S. Coast Legal Servs.*, 582 F. Supp. 2d 82 (D. Mass. 2008); and *Flamm v. Sarner & Assocs.*, P.C., 2002 U.S. Dist. LEXIS 22255 (E.D. Penn. 2002).

52. Defendants Barrister and Pena were not serving or attempting to serve "legal process" but rather were engaged in the act of assisting with the filing of a false affidavit of service by providing false testimony to force collection of the consumer debt against Plaintiff, and to have Plaintiff believe that collection could in fact legally proceed against her, when it could not.

53. Section 1692e of the FDCPA states in relevant part that a debt collector, "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and § 1692e(13) prohibits the "false representation or implication that documents are legal process."

54. Defendants PRA, Blatt and Barrister, through Pena, made false, deceptive and misleading representations in connection with the collection of a debt by means of the false Affidavit of Service document executed in or around July, 2013.

55. Pena affirmed in the July, 2013 Affidavit that he served Plaintiff via substitute service—this statement was false.

56. Section 1692e(2) of the FDCPA also proscribes the false representation of the character, amount, or legal status of any debt", and Section 1692e(10) further proscribes "the use of any false representation or deceptive means to collect or attempt to collect any debt…".

57. Defendant Blatt misrepresented both the character and legal status of the alleged debt, and used false representations to collect the allege debt, when it presented and filed with the Court a false affidavit for wage deduction, which affidavit was thereafter forwarded to Plaintiff to induce her to believe that the deduction efforts were lawful, when they in fact were not.

58. Section 1692f of the FDCPA states in relevant part that a debt collector, may not "use unfair or unconscionable means to collect or attempt to collect any debt."

59. Defendants PRA, Blatt and Barrister's act, through Pena, of filing a false Affidavit represented an unfair and unconscionable means to collect or attempt to collect any debt.

60. Defendant Blatt thereafter used unfair means in connection with the collection of a debt by means of the false affidavit for wage deduction it executed in or around October, 2013.

61. Section 1692g(a) of the FDCPA states in relevant part that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> **(1) the amount of the debt;**
> **(2) the name of the creditor to whom the debt is owed;**
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

62. Defendants PRA and Blatt failed to send written notice to Plaintiff containing any of the required information listed above within 5 days of the initial communication that took place between Plaintiff and Blatt on November 19, 2013, in violation of Section 1692g(a) of the FDCPA.

63. Plaintiff was damaged as a direct and proximate result of Defendants' conduct in that she incurred loss of use of wages that were wrongfully garnished, and Plaintiff suffered, *inter alia*, emotional distress, lost time, embarrassment, aggravation, restlessness, depression and inconvenience.

WHEREFORE, Plaintiff, Aspasia Bostic, ask that the Court enter judgment in their favor and against Defendants, PRA, Blatt, Barrister, and Pena, as follows:

 (A) The maximum amount of damages provided under

the FDCPA, 15 U.S.C. § 1692(k);

(B) Declaratory relief;

(C) Reasonable attorney's fees and costs; and

(D) Any other relief that this Court deems appropriate

and just under the circumstances.

## COUNT II-ABUSE OF PROCESS--DEFENDANTS BLATT, BARRISTER and PENA

64. Plaintiff realleges and incorporates paragraphs 1-63 into this Count.

65. Defendants used legal process that was not proper in the regular prosecution of the proceedings—namely using a false return of service and false wage

deduction summons in court with existence of an ulterior purpose or wrongful motive—namely to enforce collection of a debt without proper notice and due process.

66. Defendants' abuse of process caused damages to Plaintiff including loss of use of wages that were wrongfully garnished, and Plaintiff suffered, *inter alia*, emotional distress, embarrassment, aggravation, restlessness, depression and inconvenience.

WHEREFORE, Plaintiff, Aspasia Bostic, asks that the Court enter judgment in their favor and against Defendants, PRA, Blatt, Barrister, and Pena, as follows:

(A) Actual damages;

(B) Punitive Damages;

(C) Any other relief that this Court deems appropriate

and just under the circumstances.

### COUNT III-VIOLATION OF ILLINOIS CONSUMER FRAUD ACT-DEFENDANTS BARRISTER and PENA

67. Plaintiff realleges and incorporates paragraphs 1-66 into this Count.

68. 815 ILCS 505/1 et. seq, prohibits unfair and deceptive practices committed in the course of trade and commerce in Illinois.

69. Defendants Barrister and Pena engaged in the course of trade and commerce when they provided the false return of service against Plaintiff.

70. Defendants Barrister and Pena are engaged in the distribution of services that directly and indirectly affect the people of Illinois, namely services related to serving process.

71. Defendants Barrister and Pena committed a deceptive act or practice when they provided the false return of service that made the false statement that Plaintiff was served on July 27, 2013.

72. Defendant Pena committed a deceptive act or practice when he falsely testified in an Affidavit of Service that he served Plaintiff via substitute service.

73. Pena did not serve Plaintiff, or any member of her household, with process on July 27, 2013.

74. Defendant Pena intended that Plaintiff would rely on the deception, and intended that she would be led to believe that since the default judgment order and wage garnishment order was entered, that PRA had a right to garnish her wages.

75. Plaintiff suffered actual damages as a proximate result of Defendant's conduct in that Plaintiff incurred loss of use of wages that were wrongfully garnished, and suffered, *inter alia*, emotional distress, embarrassment, aggravation, restlessness, depression and inconvenience s the result of Defendants' actions.

76. Defendants' conduct also constituted an unfair practice.

77. Defendants' conduct offends public policy.

78. Defendants' practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the Constitution, statute and the common law.

79. Defendants' act of providing a false Affidavit of service offends the public policy of the constitutional guarantee of the due process right to notice and an opportunity to be heard.

80. Defendants' act of providing false testimony offends public policy as established by § 720 ILCS 5/32-2 Perjury statute.

81. Defendants' act of providing false testimony is immoral.

82. Defendants' act of providing false witness is unethical act by person who is an Illinois licensed private detective.

83. Defendants' act of sewer service is oppressive, unscrupulous and causes substantial injury to consumers.

84. Sewer service has long been recognized as harmful unlawful practice. See *Scarver v. Allen*, 457 F.2d 308, fn. 1 (7th Cir. 1972); *United States v. City of Philadelphia*, 644 F.2d 187 (3rd Cir. 1981); *Blouin v. Dembitz*, 489 F.2d 488 (2nd Cir. 1973); See *United States v. Wiseman*, 445 F.2d 792, 796 (2nd Cir.), cert. denied, 404 U.S. 967, 30 L. Ed. 2d 287, 92 S. Ct. 346 (1971); *United States v. Brand Jewelers, Inc.*, 318 F. Supp.1293 (S.D. N.Y. 1970).

85. Plaintiff suffered actual damages as a proximate result of Defendant's unfair practice in that she incurred loss of use of wages that were wrongfully garnished, and she suffered, *inter alia*, emotional distress, embarrassment, aggravation, restlessness, depression and inconvenience.

WHEREFORE, Plaintiffs, asks that the Court enter judgment in their favor and against Defendants, Barrister and Pena, as follows:

(A) Actual damages;

(B) Punitive Damages;

(C) Equitable relief;

(D) Reasonable attorney's fees and costs; and

(E) Any other relief that this Court deems appropriate

and just under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury.

                                           By:  /s/ Mario Kris Kasalo
                                                   Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312-726-6160
fax 312-698-5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.